In the Matter of the Application of DAVID GOLDBERG and Others, and Other Stockholders of the GREEN BUS LINES, INC., Appellants, for a Mandamus Order for the Inspection of Books of the GREEN BUS LINES, INC., Respondent. (Appeal No. 1.) — Appeal from order of November 13, 1934, resettling order of October 3, 1934, appointing an accountant to examine the records of the respondent in respect of twenty-three items and to report thereon to the court, and holding in abeyance the decision of petitioners' motion for a peremptory order of mandamus, to afford them an inspection of the respondent's records, dismissed, without costs and without prejudice to renewing every objection now urged to that order on an appeal from the order entered on the coming in of the accountant's report, in the

event the petitioners deem themselves aggrieved thereby. The procedure herein pursued is irregular, but the merits thereof may not at this time be reviewed, (a) because the order appealed from is inconclusive and not appealable; (b) because the examination required by the order has been concluded and the action of the court thereon may result in an order under which the petitioners may not deem themselves to be aggrieved. This order was not entered on consent. The parties did consent to an order which would provide for the appointment by the court of an accountant to make a preliminary examination. What the parties consented to beyond this is in disagreement. There is no written record of what the parties did in fact agree to in the matter of terms and conditions under which the preliminary examination was to be had. The court should not have assumed to sign an order providing for the examination when the terms under which it was to be made were in dispute. It should have had a record made of the terms under which the examination was to be had at the time those terms were stated by the respective counsel, or in lieu thereof it should have required a written stipulation embodying those terms. In default of either of these forms of record it should have disregarded the suggestion of either counsel and decided the motion on its merits. The court was not free to substitute its recollection of what terms were agreed upon under which the examination was to be had. A litigant may not be bound by a court's possibly faulty recollection in this respect and be required to accept an order embodying terms to which it did not agree. That the court's recollection was not infallible is disclosed by the fact that it has signed inconsistent orders at the behest of both parties. The court should have conformed to the usual practice of only acting upon a recorded consent; that is, one taken down at the time it was stated or upon a written stipulation in lieu thereof. In default of either it should have acted on the moving papers and the affidavits submitted in opposition thereto and any supplemental affidavits allowed to be submitted and considered. It may be that this latter course will become necessary even on the disposition of the motion when the report of the accountant is acted upon, as the moving papers seem to disclose a situation where the petitioners were entitled to the examination under appropriate safeguards, without any preliminary inquiry or examination of the character authorized and acted upon under the orders appealed from. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.